IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DIONNE SMITH and ROY R. SMITH,

            Plaintiffs,

v.

JULIA ATLAS,

            Defendant.

OPINION & ORDER

15-cv-91-jdp

---

    Pro se plaintiffs Dionne Smith and Roy R. Smith contend that their constitutional rights have been violated by a guardianship order issued by the Circuit Court of Dane County. That order named defendant Julia Atlas as guardian of the minor child G.G., who is Dionne's grandson and Roy's great-grandson. Although plaintiffs name only Atlas as defendant, their complaint explains that they believe their rights have been violated by Atlas, the guardian ad litem (GAL) who represented the interests of G.G., and the judge who presided over the guardianship proceeding.

    I must dismiss plaintiff's complaint. Plaintiffs' distress is understandable, but there is no constitutional right for grandparents and great-grandparents to be together with their grandchild as a family, which is the right plaintiffs assert. Thus, their complaint fails to state a claim for which relief could be granted. Plaintiffs' complaint fails for a second reason: it would require me to overrule the substantive decision of a state court, an action that is barred by the *Rooker-Feldman* doctrine. Accordingly, plaintiffs' case will be dismissed for lack of subject-matter jurisdiction.

ALLEGATIONS OF FACT

The following facts are drawn from plaintiffs' complaint and its attachments.

G.G.'s mother died in childbirth in 2006 and his father is incarcerated. Shortly after his mother's death, G.G.'s maternal grandmother, Regina Young, became his legal guardian, raising G.G. in Verona, Wisconsin. Sadly, Young herself died in 2014. At the time, G.G. was staying with a close friend of Young's, Julia Atlas, who had cared for G.G. from time to time.

Atlas petitioned the Circuit Court for Dane County for guardianship of G.G. Represented then by counsel, Dionne Smith, G.G.'s paternal grandmother who lived in Chicago, objected and petitioned to be named G.G.'s guardian. After a trial, the Dane County court followed the recommendation of the guardian ad litem and awarded a permanent guardianship to Atlas on July 30, 2014.

Plaintiffs filed this lawsuit in the District Court for the Northern District of Illinois on February 9, 2015. Plaintiff's filing, Dkt. 1, included both an original complaint and a notice of removal of the Dane County guardianship proceeding. The judge in the Northern District of Illinois construed the filing as a removal and transferred the case here. Dkt. 8. Defendant Atlas moved to dismiss plaintiff's complaint. Dkt. 10. Plaintiffs have filed no response to defendant's motion.

ANALYSIS

Plaintiffs are proceeding pro se, and thus I will construe their allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Defendants make a good argument that the complaint should be dismissed for insufficient process and service of process under Rule

2

12(b)(4) and (5). Dkt. 10.[1] Plaintiffs have not responded to the motion, which would be reason enough to dismiss the complaint and the notice of removal. But I will not analyze these process issues, because I must dismiss the complaint for more substantive reasons.

The removal of the Dane County case is improper for multiple reasons, including untimeliness. The deadline for removal is 30 days from service of the pleading on the defendant. 28 U.S.C. § 1446. Plaintiffs did not remove this case until the guardianship proceeding had been over for more than six months. Thus, I cannot accept jurisdiction over the guardianship proceeding itself. That leaves plaintiffs' civil rights complaint.

But plaintiffs' complaint does not assert a constitutional right on which they can prevail. Plaintiffs' complaint alleges "a violation of families right to be together in a family unit." Dkt. 1, 2. A grandparent (or great-grandparent) does not have a constitutional right to serve as the guardian of their grandchild (or great-grandchild). Plaintiff contends that the GAL and the court violated their rights by placing G.G. with a non-relative without determining that plaintiffs, G.G. relatives, were unfit. But that is not the standard for determining guardianship under Wis. Stat. § 54.15, which governs the selection of a guardian. Following the principles in this section, the Dane County court determined that it was in G.G.'s best interests to be placed with Atlas because it would provide some stability. The attachments to plaintiffs' complaint make it clear that Dionne participated in the guardianship proceeding. Dionne is unhappy with the outcome, but plaintiffs' complaint does not allege facts that show that their rights were violated in any way.

---

[1] Atlas also seeks a protective order, Dkt. 10, but because I will dismiss the complaint, there is no need for a protective order.

Finally, even if the Dane County court failed to follow the proper procedures or the outcome of the guardianship decision were wrong, a federal district court cannot undo the substantive decision of a state court. Essentially, plaintiffs are asking me to review and reverse the Dane County Circuit Court's guardianship decision. But the *Rooker-Feldman* doctrine precludes this court from reviewing and setting aside state court decisions. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "Simply put, the *Rooker-Feldman* doctrine precludes lower federal court jurisdiction over claims seeking review of state court judgments because no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004) (internal citations and alterations omitted).

If plaintiffs were dissatisfied with the result of the guardianship proceeding, their remedy would have been to appeal the decision in state court. But I must to dismiss this case for failure to state a claim and for lack of subject-matter jurisdiction.

ORDER

IT IS ORDERED that:

1. Defendant Julia Atlas's motion to dismiss, Dkt. 10, is GRANTED and this case DISMISSED for lack of jurisdiction.

2. The clerk of court is directed to enter judgment for defendant and close this case.

Entered February 18, 2016.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge